# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE JENNIFER CHOE-GROVES

|  |  |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED, | ) ) ) ) |
| *Plaintiff,* | ) Court No. 19-00208 |
| v. | ) ) |
| UNITED STATES, | ) ) |
| *Defendant,* | ) ) |
| and | ) ) |
| WHEATLAND TUBE COMPANY AND NUCOR TUBULAR PRODUCTS INC., | ) ) ) |
| *Defendant-Intervenors.* | ) ) |

**DEFENDANT-INTERVENOR WHEATLAND TUBE COMPANY'S COMMENTS ON COMMERCE'S REDETERMINATION ON REMAND**

Roger B. Schagrin
Elizabeth J. Drake
SCHAGRIN ASSOCIATES
900 7th Street NW, Suite 500
Washington, D.C. 20001
(202) 223-1700
*Counsel to Wheatland Tube Company*

Dated:  April 30, 2021

## TABLE OF CONTENTS

I.   INTRODUCTION ..........................................................................................................1

II.  COMMENTS..................................................................................................................1

III. CONCLUSION...............................................................................................................3

## I. INTRODUCTION

On behalf of Defendant-Intervenor Wheatland Tube Company ("Wheatland"), we hereby submit comments in support of the decision by the U.S. Department of Commerce ("Commerce") to submit its remand determination under respectful protest pursuant to the remand ordered by the U.S. Court of International Trade in *Saha Thai Steel Pipe Co., Ltd., et al. v. United States*, Consol. Court No. 19-208, Slip Op. 20-148 (Ct. Int'l Trade Oct. 19, 2020) ("*Saha Thai*") and the Court's December 21, 2020 Scheduling Order ("Scheduling Order"), ECF No. 48.

## II. COMMENTS

In its original determination, Commerce correctly determined that a particular market situation ("PMS") existed in Thailand during the period of review ("POR") that distorted the cost of producing circular welded pipe and tube ("CWP"), and Commerce adjusted the mandatory respondent's costs of production accordingly. *See Circular Welded Carbon Steel Pipes and Tubes from Thailand: Final Results of Antidumping Duty Administrative Review; 2017-2018*, 84 Fed. Reg. 64,041 (Dep't Commerce Nov. 20, 2019) and accompanying Issues and Decision Memorandum ("Final IDM"), PR Doc 121.[1] In its opinion, issued after denying a motion for oral argument, ECF No. 41, the Court did not address the substance of Commerce's affirmative PMS finding. *See Saha Thai*. The Court did, however, rule that the statute did not permit Commerce to adjust the respondent's costs of production for the purposes of the sales-below-cost test to account for the PMS that was found to exist. *Id*. at 7 – 12. Upon a motion for clarification filed by the Defendant the United States, the Court further ordered Commerce to "recalculate the respondents' weighted-average dumping margins without a particular market situation

---

[1] Citations to the administrative record indicate the public record document numbers ("PR Doc.").

1

adjustment." Scheduling Order at 2.

Thus, on remand, the Court's opinion in *Saha Thai* prohibited Commerce from adjusting respondent's cost of production for the purposes of the sales-below-cost test to account for the PMS that was found. In addition, according to the Court's Scheduling Order, Commerce was also prohibited from making any other adjustment to account for the PMS that existed, despite the fact that: (1) the statute directs Commerce to consider any sales and transactions occurring in situations in which a PMS prevents a proper comparison with export price to be outside the ordinary course of trade (*see* 19 U.S.C. § 1677(15)(C)); (2) the statute requires any home market prices used as the basis of normal value be in the ordinary course of trade (*see* 19 U.S.C. § 1677b(a)(1)(B)(i)); and (3) and the statute allows Commerce to use "any other calculation methodology" to calculate constructed value if the agency determines that a cost-based PMS exists (*see* 19 U.S.C. § 1677b(e)).

On remand, Commerce correctly continued to find that a PMS existed that distorted the cost of producing CWP in Thailand during the period of review. *See* Final Results of Redetermination Pursuant to CIT Order (Mar. 15, 2021) ("Remand Redetermination") at 1, ECF No. 53. This was in compliance with the Court's order, which did not question the validity of Commerce's original determination regarding the existence of a PMS. *See Saha Thai*. Nonetheless, on remand, Commerce eliminated any adjustment to account for this PMS in order to comply with the Court's order in *Saha Thai* and the Scheduling Order. Remand Redetermination at 1 – 2. Commerce has therefore filed its remand results under respectful protest. *Id.* at 1 – 2.

For the reasons contained in Wheatland's original response brief to the Court, we respectfully disagree with the Court's conclusion that Commerce may not adjust costs to account

for a cost-based PMS in this case. *See* Defendant-Intervenors' Response Brief (June 15, 2020), ECF No. 35. Indeed, the statute directs that whenever any sales are disregarded as the result of the sales-below-cost test, normal value shall be based on any remaining sales made in the ordinary course of trade, or, if no such sales remain, constructed value. *See* 19 U.S.C. § 1677b(b)(1). Because a PMS by definition renders a respondent's costs outside the course of ordinary trade, that fact must logically be taken into account to ensure that any sales remaining after the sales-below-cost test are also in the ordinary course of trade, as required by the statute. In the alternative, in the absence of any sales in the ordinary course of trade, Commerce would be required to rely on constructed value. As noted above, the statute permits Commerce to use any calculation methodology for constructed value where a PMS distorts costs. *See* 19 U.S.C. § 1677b(e).

Because the Court has prohibited Commerce from making any adjustment for the PMS that was found to exist, *see Saha Thai* and Scheduling Order, Commerce had no other choice on remand but to remove the PMS adjustment altogether. We therefore agree with their decision to do so under respectful protest.

### III.   CONCLUSION

In conclusion, for the reasons reviewed above, Wheatland agrees with Commerce's decision to file its remand determination under protest.

Please contact the undersigned with any questions regarding this submission.

Respectfully Submitted,

/s/ Elizabeth J. Drake
Roger B. Schagrin
Elizabeth J. Drake
SCHAGRIN ASSOCIATES
*Counsel to Wheatland Tube Company*

## **CERTIFICATE OF COMPLIANCE**

   I hereby certify that these comments comply with the word count limitation of the U.S. Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains 844 words, excluding the parts of the brief exempted from the word limitation. In preparing this certificate of compliance, I relied on the word count function of the word processing software used to produce this brief.

             /s/ Elizabeth J. Drake

Dated: April 30, 2021