Slip Op. 21-119

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED,<br><br>　　Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>　　Defendant,<br><br>and<br><br>WHEATLAND TUBE COMPANY and NUCOR TUBULAR PRODUCTS INC.,<br><br>　　Defendant-Intervenors. | Before: Jennifer Choe-Groves, Judge<br><br>Court No. 19-00208 |

## OPINION

[Sustaining the U.S. Department of Commerce's remand results in the 2017–2018 administrative review of the antidumping duty order on circular welded carbon steel pipes and tubes from Thailand.]

Dated: September 17, 2021

Daniel L. Porter, Curtis, Mallet-Prevost, Colt & Mosle LLP, of Washington, D.C., for Plaintiff Saha Thai Steel Pipe Public Company Limited.

In K. Cho, Trial Attorney, and Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With them on the brief were Brian M. Boynton, Acting Assistant Attorney General, and Jeanne E. Davidson,

Director.  Of counsel on the brief was <u>Brendan S. Saslow</u>, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

<u>Roger B. Schagrin</u> and <u>Elizabeth J. Drake</u>, Schagrin Associates, of Washington, D.C., for Defendant-Intervenor Wheatland Tube Company.

<u>Alan H. Price</u>, Wiley Rein LLP, of Washington, D.C., for Defendant-Intervenor Nucor Tubular Products Inc.[1]

      Choe-Groves, Judge:  Plaintiff Saha Thai Steel Pipe Public Company Limited ("Saha Thai" or "Plaintiff") filed this action challenging the final results published by the U.S. Department of Commerce ("Commerce") in the 2017–2018 administrative review of the antidumping duty order on circular welded carbon steel pipes and tubes from Thailand.  See <u>Circular Welded Carbon Steel Pipes and Tubes from Thailand</u> ("<u>Final Results</u>"), 84 Fed. Reg. 64,041 (Dep't of Commerce Nov. 20, 2019) (final results of antidumping duty admin. review; 2017–2018); <u>see also</u> Issues and Decision Mem. for the Final Results of Antidumping Duty Admin. Review; 2017–2018 (Nov. 13, 2019) ("Final IDM"), PR 121.  Before the Court are the Final Results of Redetermination Pursuant to CIT Order, ECF No. 53 ("<u>Remand Results</u>"), which the Court ordered in <u>Saha Thai Steel Pipe Public Co. v. United States</u> ("<u>Saha Thai I</u>"), 44 CIT __, 476 F. Supp. 3d 1378 (2020).  For the reasons discussed below, the Court sustains the <u>Remand Results</u>.

---

[1] Nucor Tubular Products Inc. was formerly Independence Tube Corporation and Southland Tube, Incorporated.  [Revised] Disclosure of Corporate Affiliations and Financial Interest, ECF No. 34.

## BACKGROUND

The Court presumes familiarity with the facts and procedural history set forth in its prior opinion and recounts the facts relevant to the Court's review of the Remand Results.  See Saha Thai I, 44 CIT at __, 476 F. Supp. 3d at 1380–81.

The Court concluded in Saha Thai I that Commerce's particular market situation adjustment to the cost of production while basing normal value on home market sales was not in accordance with the law and remanded.  Id. at __, 476 F. Supp. 3d at 1386.  Plaintiff had challenged in the alternative the underlying determination that a particular market situation distorted the cost of production, arguing that "[e]ven assuming that Commerce has the statutory authority to alter a respondent's actual costs of production (for purposes of the below-cost test), Commerce's determination in this case is still contrary to law because Commerce did not apply the appropriate legal criteria for determining the existence of a particular market situation."  Pl. Saha Thai's Opening Br. Supp. Its Mot. J. Agency R. at 15–20, ECF Nos. 32, 33.  Because the Court remanded the particular market situation adjustment as not in accordance with the law, the Court did not consider whether the particular market situation adjustment was supported by substantial evidence, whether Commerce should have made a duty drawback adjustment in calculating the particular market situation adjustment, Plaintiff's alternative argument that Commerce's particular market situation determination was not in

accordance with the law, or whether the particular market situation determination was supported by substantial evidence.  See Saha Thai I, 44 CIT at __, 476 F. Supp. 3d at 1385–86.

On remand, under respectful protest, Commerce recalculated Saha Thai's dumping margin without a particular market situation adjustment.  Remand Results at 2–4.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction under 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c), which grant the Court authority to review actions contesting the final results of an administrative review of an antidumping duty order.  The Court shall hold unlawful any determination found to be unsupported by substantial evidence on the record or otherwise not in accordance with the law.  19 U.S.C. § 1516a(b)(1)(B)(i).  The Court also reviews determinations made on remand for compliance with the Court's remand order.  Ad Hoc Shrimp Trade Action Comm. v. United States, 38 CIT __, __, 992 F. Supp. 2d 1285, 1290 (2014), aff'd, 802 F.3d 1339 (Fed. Cir. 2015).

## DISCUSSION

Plaintiff and Defendant United States ask the Court to sustain the Remand Results.  Pl.'s Comments Supp. Remand Redetermination Results at 2, ECF No. 56; Def.'s Comments Supp. Remand Results at 2, ECF No. 57.  Defendant-

Intervenor Wheatland Tube Company supports Commerce's Remand Results filed under protest. See Def.-Interv. Wheatland Tube Company's Comments Commerce's Redetermination Remand at 3, ECF No. 55. No party filed comments opposing the Remand Results.

Commerce's Remand Results are consistent with the Court's prior opinion and order in Saha Thai I. Commerce has recalculated, under protest, the weighted-average dumping margin for Saha Thai without a particular market situation adjustment. Remand Results at 4. The weighted-average dumping margin for Saha Thai changed from 5.15% to 0%. Id.

Because the Court concludes that the Remand Results are in accordance with the law and comply with the Court's remand order, the Court sustains the Remand Results.

## CONCLUSION

The Court sustains the Remand Results.

Judgment will be entered accordingly.

    /s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated:   September 17, 2021
        New York, New York